IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVIS D. BEACH,<br><br>        Plaintiff,<br><br>  vs.<br><br>ANDREW M. SAUL, Acting Commissioner of Social Security,[1]<br><br>        Defendant. | Civil Action No. 1:18-342 |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 8, 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 9, 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB")

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

under Title II of the Social Security Act ("Act"). On or about May 5, 2015, Plaintiff applied for DIB. [ECF No. 6-7 (Ex. 3D)]. In his application, he alleged that since February 29, 2012, he has been disabled due to degenerative disc disease and other spinal conditions. [ECF No. 6-8 (Ex. 3E)]. His date last insured is December 31, 2017. [ECF No. 6-2 at 15].[2] The state agency denied his claims initially, and he requested an administrative hearing. Administrative Law Judge ("ALJ") William J. Bezego held an initial video hearing on May 18, 2017, after which he ordered Plaintiff to undergo a consultative orthopedic examination. [ECF No. 6-2, at 28-51]. After the consultative exam, Plaintiff requested a supplemental hearing which was held on August 10, 2017. [ECF No. 6-3]. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 62-69. In a decision dated August 24, 2017, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 6-2, at 12-21]. Plaintiff requested review of the ALJ's determination by the Appeals Council, but the Appeals Council denied Plaintiff's request for review. [ECF No. 6-2]. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 8 & 11]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir.

---

[2] To receive DIB, Plaintiff must establish that he became disabled prior to December 31, 2017, the date on which his insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.    WHETHER THE ALJ PROPERLY EVALUATED THE MEDICAL OPINION EVIDENCE**

The ALJ found that Plaintiff had severe impairments, including degenerative disc disease, obesity, and arthritis, right knee. [ECF No. 6-2, at 15]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that he requires a sit/stand option every 30 minutes. [ECF No. 6-2, at 15-20]. The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id. at 20-22.

Here, Plaintiff argues the ALJ's findings are deficient because he failed to give adequate

weight to the medical evidence of record in formulating Plaintiff's RFC.  Id. at 3-19.  After careful consideration, I disagree.

The amount of weight accorded to medical opinions is well-established.  Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source.  20 C.F.R. § 404.1527(c)(1).  In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."  Id. § 404.1527(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.  Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight.  Id.  Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient/physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue.  Id. § 404.1527(c)(1)-(6).  "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion."  Id. § 404.1527(c)(4).[3]

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has

---

[3] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." See 20 C.F.R. § 404.1527(d)(1), (3); Dixon v. Comm'r of Soc. Sec., 183 F. App'x 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008).

In this case, Plaintiff argues that the ALJ erred to the extent he relied on the opinion of consultative examiner, Mohammad Malik, M.D., over the opinion of Plaintiff's treating physician,

Dr. Fallin. Dr. Malik, who, as set forth above, examined Plaintiff at the ALJ's request after the first hearing, assessed that, although Plaintiff had some physical limitations due to his back condition and pain, he had a residual functional capacity consistent with the ability to perform a wide range of light work. [ECF No. 6-26 (Ex. 18F)]. Dr. Fallin, in contrast, wrote a letter dated August 9, 2017 (one day prior to the second hearing) in which he opined that Plaintiff was limited in his ability to lift, carry, be on his feet for long periods of time, and to stand or sit for extended periods in one place, and that this would "drastically reduce" the possibility that Plaintiff could have gainful employment without having significant increases in pain. [ECF No. 6-28 (Ex. 21F)]. Dr. Fallin also expressed concern about the location of a surgical screw in relation to Plaintiff's vena cava and concluded that "[b]ecause of these limitations and because of the chronic moderate to severe pain that he does undergo on a daily basis, I do think that his options for long-term gainful employment are quite limited and I am not aware of any position that he would be able to comfortably maintain for 8 hours a day, 5 days per week." Id. The ALJ gave Dr. Malik's opinion "some weight" to the extent it supported a finding of not disabled, but gave Dr. Fallin's opinion "little weight" because his assessment concerning Plaintiff's functional capabilities was vague and speculative and that his "speculation about available work" was an issue outside the scope of his expertise. [ECF No. 6-2, at 19-20]. The ALJ also noted that the evaluations of the specialists who examined Plaintiff's screw placement relative to the vena cava did not support Dr. Fallin's concerns. Id. (citing Exs. 6F/2; 16F/3, 7; and 7F/3).

As set forth above, the ALJ is not required to accept a treating provider's opinion uncritically, but must weigh all the record evidence. In so doing, the ALJ is entitled to choose which opinions to credit or discredit, provided he supports his decision with substantial evidence. In the case at hand, the ALJ did exactly that. For example, the ALJ cited the results of Dr. Malik's

7

functional capacity examination of Plaintiff which showed that Plaintiff had no difficulty walking on his heels and toes or tandem walking; had a ¾ squat; had no difficulty getting on or off the examination table or arising from the chair; had no spinal tenderness or spasm; had stable joints; and had no muscle atrophy and 5/5 lower extremity strength, with decreased light touch on the lateral right side. [ECF No 6-2, at 19 (citing Ex. 18F)]. In contrast, Dr. Fallin admitted that he did not order a functional capacity examination for Plaintiff. Id. (citing Ex. 21F). The ALJ also pointed to the evaluations of examining physician Dr. Levy who opined that Plaintiff was capable of sedentary to light work with a sit/stand option; Dr. Gilman who opined that Plaintiff was capable of light duty as of September 10, 2012 with lifting no more than 20 pounds; state agency physician Dr. Caramanna who opined that Plaintiff could perform a limited range of light work; and the above-mentioned specialists' records that discounted Dr. Fallin's surgical screw placement concerns. Id. (citing Exs. 2A, 5F, 6F/2, 16F/3, 7, 7F/3, and 15F). These explanations behind the weight assigned to the medical opinions at issue are acceptable reasons for crediting and discounting opinion evidence. See 20 C.F.R. § 404.1527.

Plaintiff further attacks the reliability of Dr. Malik's opinion on the grounds that Dr. Malik had his medical license suspended, his examination of Plaintiff lasted less than ten minutes, and he misidentified Plaintiff's medications. See ECF No. 9, at 10-11. This argument is likewise without moment. Contrary to Plaintiff's contentions, the ALJ's opinion is neither unclear nor lacking in specificity as to whether he considered these concerns about Dr. Malik's credibility in weighing the medical reports. Indeed, at the outset of the opinion, the ALJ devoted an entire paragraph to addressing this exact issue. After describing Plaintiff's complaints in detail, the ALJ explained that he had "taken into consideration the additionally submitted records and the claimant's objections to Dr. Malik's report **in assigning weight to the consultative examiner's**

8

*report*, but will not exclude the report from the record as it is relevant." [ECF No. 6-2, at 13 (emphasis added)]. The ALJ elaborated that Dr. Malik had long since regained his medical license (which had been suspended 14 years prior in 2003 after a conviction for tax evasion), and, although the prior conviction and license suspension might "impugn his honesty to some degree, it has no bearing on his qualifications to render a **medical** opinion in this case." Id. (emphasis in original). The ALJ further noted that Dr. Malik's CV shows that he was a board-certified internist and a member of the Board of Hospital Physicians at the time of the consultative exam. Id. (citing Ex. 20F). The ALJ's explanations in this regard are more than adequate, and it is not my role to second-guess his well-supported evaluation of the evidence at this juncture.

Finally, to the extent Plaintiff suggests that the ALJ failed to cite any medical opinion evidence to support his conclusion that Plaintiff could perform sedentary work if he had a sit/stand option every thirty minutes and, thus, impermissibly substituted his judgment for that of a medical provider in determining Plaintiff's RFC, such argument likewise is without merit. As an initial matter, Plaintiff's assertion that not a single medical opinion supports a sit/stand option is simply incorrect. Among other evidence, the ALJ specifically cited Dr. Levy's 2012 and 2013 IME reports and return to work evaluations in which Dr. Levy explicitly opined that Plaintiff could return to sedentary or light work *with intermittent sitting and standing*. [ECF No 6-2, at 19 (citing Ex. 15F/8, 19)]. In addition, the ALJ noted that Dr. Malik's opinion was consistent with an RFC for sedentary work with a sit/stand option. Id. (citing Ex. 18F). Moreover, and in any event, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. § 404.1527(d); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). Here, the ALJ did not discount Plaintiff's symptoms entirely, and included restrictions in his RFC finding related to Plaintiff's credibly-established impairments, including a sit/stand option. As set forth above, the

ALJ supported this RFC finding with substantial evidence, including, inter alia, medical opinion evidence; Plaintiff's treatment records; MRI and X-ray results; Plaintiff's medication history; and Plaintiff's activities of daily living. See id. at 16-20 (citing, inter alia, Exs. 2A, 5E, 1F, 3F, 5F, 6F, 7F, 10F, 11F, 12F, 15F, 18F, and Hearing Testimony). The ALJ even gave Plaintiff the benefit of the doubt and discounted the portions of **four** medical opinions (including those of Dr. Malik and Dr. Levy) that asserted Plaintiff could perform light work because he felt that the evidence viewed in the light most favorable to Plaintiff was more consistent with a greater restriction to a limited range of sedentary work. Id.

Plaintiff's remaining arguments point to other record evidence he contends support a finding of disability. The standard, however, is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Thus, such support is misplaced.

For all the above reasons, I find that, in weighing the medical opinions concerning Plaintiff's impairments and in determining Plaintiff's RFC, the ALJ followed the appropriate procedures and sufficiently explained and supported his findings with substantial evidence of record. Therefore, I find no error in this regard and remand is not warranted on this basis.

### C. **WHETHER THE ALJ IMPROPERLY CONSIDERED THE INTENSITY, PERSISTENCE AND LIMITING EFFECTS OF PLAINTIFF'S SYMPTOMS INCLUDING PAIN**

Plaintiff argues that the ALJ failed to weigh his pain testimony properly. [ECF No. 9, at 16-20]. In determining disability, the ALJ must consider all of a claimant's symptoms, including pain. In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other

relevant evidence in the individual's case record. SSR 16-3p.[4] Additionally, the ALJ will consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c). The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. Id. I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003).

After a review of the record in this case, I find the ALJ applied the above standard. [ECF No. 6-2, at 16-20]. The ALJ did not ignore or deny the fact that Plaintiff suffered chronic back, leg, and knee pain that increased over time, but considered Plaintiff's allegations in connection with all of the other evidence of record in finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other record evidence. Id. For example, the ALJ considered, inter alia, the types and frequency of treatment sought by Plaintiff, his activities of daily living, and the

---

[4] Social Security Ruling 16-3p, effective March 28, 2016, rescinded and superseded Ruling 96-7p. Because the date of the ALJ's opinion in this case, August 24, 2017, post-dates the March 28, 2016 effective date, Ruling 16-3p applies. See 82 Fed. Reg. 49462 (clarifying that SSA adjudicators will apply Ruling 16-3p when making determinations and decisions after March 28, 2016). Although the two rulings do not materially differ in substance, Ruling 16-3p eliminates the use of the term "credibility" and clarifies that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p; see also 20 C.F.R. § 404.1529(c) (effective March 26, 2017).

11

measures used to relieve Plaintiff's pain. Id. (citing Exs. 2A, 5E, 17E, 1F, 3F, 5F, 6F, 7F, 10F, 11F, 12F, 15F, 17F, 18F, and Hearing Testimony). Again, the ALJ did not discount Plaintiff's pain allegations in their entirety. Rather, despite four doctors' opinions that Plaintiff could return to light work, the ALJ gave Plaintiff the benefit of the doubt and restricted him to a limited range of sedentary work.[5]

For all of these reasons, I find nothing improper in the ALJ's assessment of Plaintiff's pain allegations and that his findings in this regard are supported by substantial evidence. Plaintiff's disagreement or dissatisfaction with these findings is not cause for remand.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[5] Again, to the extent Plaintiff argues that there is evidence to support his contention that he suffers disabling pain, the question is not whether substantial evidence supports Plaintiff's claims or whether there is evidence that is inconsistent with the ALJ's finding, but, rather, whether substantial evidence supports the ALJ's findings. Allen, 881 F.2d at 39.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVIS D. BEACH,

    Plaintiff,

vs.

ANDREW M. SAUL, Acting Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 1:18-342

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 21st day of November, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No. 8] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 11] is GRANTED.

                              BY THE COURT:

                              <u>/s/ Donetta W. Ambrose</u>
                              Donetta W. Ambrose
                              U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).